IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

STUDENTS FOR FAIR ADMISSIONS, INC.,

*Plaintiff-Appellant*,

v.

THE UNITED STATES NAVAL ACADEMY; THE
UNITED STATES DEPARTMENT OF DEFENSE;
PETE HEGSETH, in his official capacity as Secretary
of Defense; CARLOS DEL TORO, in his official
capacity as Secretary of the Navy; BRUCE LATTA,
in his official capacity as Dean of Admissions for the
United States Naval Academy; REAR ADMIRAL
FRED KACHER, in his official capacity as Acting
Superintendent of the United States Naval Academy,

*Defendants-Appellees*.

No. 24-2214

**JOINT MOTION TO HOLD APPEAL IN ABEYANCE
FOR THIRTY DAYS**

Pursuant to Federal Rule of Appellate Procedure 27, plaintiff-appellant

Students For Fair Admissions (SFFA) and defendants-appellees United States

Naval Academy *et al.* (the government) jointly move to hold this appeal in

abeyance for 30 days. The parties respectfully propose to submit a status

report in 30 days proposing a further schedule for this litigation. In all events,

the parties respectfully request that SFFA's opening brief be due no earlier than

21 days after the date of the parties' status report (if this motion is granted) or after the Court's denial of this motion (if the motion is denied).

**1.** Following the Supreme Court's ruling in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), SFFA brought this lawsuit contending that the admissions policies of the United States Naval Academy are unconstitutional to the extent they involve consideration of applicants' race. Following a bench trial, on December 6, 2024, the district court ruled that the Naval Academy's race-conscious admissions policies survived strict scrutiny and accordingly entered judgment in favor of defendants. SFFA then appealed, and its opening brief is currently due, as extended, by March 6, 2025.

**2.** After this appeal was docketed, President Donald J. Trump assumed office on January 20, 2025. President Trump and the Department of Defense (DoD) have since issued several Executive Orders (EOs) and policy memoranda that bear upon the subject matter of this litigation.

On January 21, 2025, President Trump issued EO 14173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity,* 90 Fed. Reg. 8633 (Jan. 21, 2025). Declaring that it "is the policy of the United States to protect the civil rights of all Americans and to promote individual initiative, excellence, and hard work," EO 14173 "order[s] all executive departments and agencies . . . to

terminate all discriminatory and illegal preferences, mandates, policies, programs, activities, guidance, regulations, enforcement actions, consent orders, and requirements." *Id.* § 2.

On January 27, 2025, President Trump issued EO 14185, *Restoring America's Fighting Force*, 90 Fed. Reg. 8763 (Jan. 27, 2025), which announces that it is "the policy of [this] Administration that the Department of Defense, the Department of Homeland Security with regard to the United States Coast Guard (USCG), and every element of the Armed Forces should operate free from any preference based on race or sex." *Id.* § 2. EO 14185 further directs the Secretary of Defense to "conduct an internal review" with respect to all "activities designed to promote a race- or sex-based preferences system," *id.* § 5, as well as a review of "the leadership, curriculum, and instructors of the United States Service Academies," *id.* § 6(c).

On January 29, 2025, and in furtherance of EO 14185, Secretary of Defense Peter B. Hegseth issued a memorandum prohibiting any DoD component from, among other things, "establish[ing] sex-based, race-based, or ethnicity-based goals for organizational composition, *academic admission*, or career fields." Peter B. Hegseth, *Memorandum for Senior Pentagon Leadership,*

*Commanders of the Combatant Commands, Defense Agency and DOD Field Activity*

*Directors re: Restoring America's Fighting Force* (Jan. 29, 2025) (emphasis added).[1]

3. The Naval Academy is both a "United States Service Academ[y]" and a DoD component within the meaning of the foregoing directives. The Naval Academy is working to implement those directives in the context of its admissions policies.

4. In light of the foregoing developments and the early posture of this appeal (in which no briefs have yet been filed), the parties respectfully request that this appeal be placed in abeyance for 30 days. An abeyance will conserve both judicial and party resources and will promote the efficient and orderly disposition of this appeal.

5. Though SFFA resisted a request for a 90-day stay in *Students for Fair Admissions v. United States Military Academy at West Point*, 7:23-cv-08262 (S.D.N.Y.), SFFA does not believe a stay would be similarly prejudicial here. Thirty days is relatively short. Moreover, the factual record in this case is complete—the parties engaged in extensive discovery, and the district court entered final judgment following a two-week bench trial. And SFFA also has

---

[1] Available at https://media.defense.gov/2025/Jan/29/2003634987/-1/-1/1/RESTORING-AMERICAS-FIGHTING-FORCE.PDF.

an interest in knowing whether and how the Naval Academy changes its use of race in admissions before SFFA files an opening brief.

**6.** The parties respectfully propose to file a status report in 30 days, in which they intend to propose a schedule for further resolution of this litigation or advise the Court of any relevant intervening developments. In the event that the parties are unable to agree on a schedule, the parties respectfully request that SFFA's opening brief be due no earlier than 21 days after the date of the parties' status report. And in the event that this joint motion is denied, the parties respectfully request that SFFA's opening brief be due no earlier than 21 days after the Court's denial.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this appeal be held in abeyance, with a status report due in 30 days. The parties also respectfully request that, in all events, plaintiff's opening brief not be due until either 21 days after the parties' proposed status report (if the current joint motion is granted) or after the Court's denial of this motion (if the current motion is denied).

/s/ *Cameron T. Norris*
Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
James F. Hasson
R. Gabriel Anderson
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com

Patrick Strawbridge
Consovoy McCarthy PLLC
Ten Post Office Sq.
8th Fl. South PMB, #706
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

Adam K. Mortara
Lawfair LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfair.com

*Counsel for Plaintiff-Appellant*


FEBRUARY 2025

Respectfully submitted,

Melissa N. Patterson
 /s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Jack Starcher
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7214
   Washington, DC 20530

*Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 883 words.

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg
*Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2025, I electronically filed the foregoing joint motion with the Clerk of Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg
*Counsel for Defendants-Appellees*