IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., *Plaintiff-Appellant*, v. THE UNITED STATES NAVAL ACADEMY, *et al.*, *Defendants-Appellees*. | No. 24-2214 |

**UNOPPOSED MOTION TO HOLD BRIEFING IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, defendants-appellees respectfully move to suspend the current briefing schedule while the parties consider a recent change in the United States Naval Academy's admissions policy, as described below. The parties require a reasonable amount of time to discuss the details of the Academy's new policy and to consider the appropriate next steps for this litigation, including whether this litigation is now moot and, if so, whether the district court judgment should be vacated. The government respectfully proposes that the parties submit a status report in 60 days and, if necessary, in 60-day intervals thereafter. This motion is unopposed.

**1.** Following the Supreme Court's ruling in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), SFFA brought this lawsuit contending that then-applicable admissions policies of the Naval Academy were unconstitutional to the extent they allowed consideration of applicants' race. Following a bench trial, on December 6, 2024, the district court ruled that the Naval Academy's admissions policy survived strict equal-protection scrutiny and accordingly entered judgment in favor of defendants. SFFA then appealed, and its opening brief is currently due, as extended, by April 7, 2025.

**2.** After this appeal was docketed, President Donald J. Trump assumed office. On January 27, 2025, President Trump issued EO 14185, *Restoring America's Fighting Force*, 90 Fed. Reg. 8763, which announces that it is "the policy of [this] Administration that the Department of Defense ... and every element of the Armed Forces should operate free from any preference based on race or sex." *Id.* § 2. EO 14185 further directs the Secretary of Defense to "conduct an internal review" with respect to all "activities designed to promote a race- or sex-based preferences system," *id.* § 5, as well as a review of "the leadership, curriculum, and instructors of the United States Service Academies," *id.* § 6(c), including the Naval Academy.

On January 29, 2025, and in furtherance of EO 14185, Secretary of Defense Peter B. Hegseth issued a memorandum prohibiting any DoD component from, among other things, "establish[ing] sex-based, race-based, or ethnicity-based goals for organizational composition, *academic admission*, or career fields." Peter B. Hegseth, *Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors re: Restoring America's Fighting Force* (emphasis added).[1]

3.  In response to those directives, in February 2025, the Naval Academy Superintendent, Vice Admiral Yvette M. Davids, determined that it was necessary to change the Naval Academy's admissions policy. Under revised internal guidance issued by the Superintendent on February 14, 2025, neither race, ethnicity, nor sex can be considered as a factor for admission at any point during the admissions process, including qualification and acceptance.

4.  On March 26, 2025, at an oversight hearing before the Subcommittee on Personnel of the United States Senate Committee on Armed Services, Superintendent Davids addressed the Naval Academy's current admissions policy. She testified that "[a]t no time are race, sex, or ethnicity considered in the qualification of a candidate and there are no associated demographic goals

---

[1] Available at https://media.defense.gov/2025/Jan/29/2003634987/-1/-1/1/RESTORING-AMERICAS-FIGHTING-FORCE.PDF.

or objectives." Statement of Vice Admiral Yvette M. Davids, USN, Superintendent of the Naval Academy Before the Senate Subcommittee on Personnel, at 4 (Mar. 26, 2025).[2] Moreover, "[r]ace, sex, and ethnicity are not considered when making offers of appointment." *Id.* at 5.

    **5.** The Naval Academy's change in policy bears directly on this litigation. The disputed issue at trial was whether the Naval Academy's prior admissions policy violated the equal protection component of the Fifth Amendment to the extent it permitted any consideration of race in admissions, and if so, whether prospective equitable relief was warranted. But, in light of the developments described above, the Naval Academy no longer permits any consideration of race, ethnicity, or sex in the admissions process.

    **6.** The parties are continuing to discuss the details of the Naval Academy's new policy and its effect on this litigation. In particular, the parties are continuing to discuss whether the change in policy renders this case moot and, if so, whether the district court judgment should be vacated.

    **7.** As noted, plaintiffs' opening brief is currently due by April 7, with the government's response brief due thirty days thereafter. In the view of the government, it is unnecessary—and in all events would be premature—to brief

---

[2] Available at https://www.armed-services.senate.gov/imo/media/doc/davids_testimony.pdf.

the merits of the district court's ruling concerning a now-defunct admissions policy, before the parties have had a chance to confer about intervening developments. The Naval Academy's change in policy should either obviate any need for further litigation or, at a minimum, substantially reshape the nature of the parties' dispute and requested relief.

8. After consultation with counsel for plaintiff, the government respectfully requests that the current briefing schedule be held in abeyance, with an initial status report to be due in 60 days and, if necessary, additional status reports due in 60-day intervals thereafter. Such an abeyance will conserve both judicial and party resources and will promote the efficient and orderly disposition of this appeal. Plaintiff does not oppose this request.

9. The parties previously filed a joint motion for an abeyance of the briefing schedule, which this Court granted on February 27, 2025 by ordering a 30-day extension for plaintiff's opening brief. While the new admissions policy had already been implemented, at that time the Naval Academy had not publicly announced the change. For the reasons stated above, now that the Naval Academy has publicly confirmed a change to its admission policy—and has changed its policy in a way that may obviate the parties' legal dispute—an additional abeyance is warranted to permit consideration of that change and further discussion among the parties.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that briefing be held in abeyance, with a status report due in 60 days and, if necessary, additional status reports due in 60-day intervals.

Respectfully submitted,

Melissa N. Patterson
 /s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Jack Starcher
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. NW
   Room 7214
   Washington, DC 20530

*Counsel for Defendants-Appellees*

MARCH 2025

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 993 words.

                                                    */s/ Jeffrey E. Sandberg*
                                                    Jeffrey E. Sandberg
                                                    *Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I electronically filed the foregoing motion with the Clerk of Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                    */s/ Jeffrey E. Sandberg*
                                                    Jeffrey E. Sandberg
                                                    *Counsel for Defendants-Appellees*